WILLIAM Y. RIPLEY *vs.* ROBERT M. CROSS & another.

The Gen. Sts. of Vermont, c. 65, §§ 4, 7, 24, provide that all deeds of land shall be attested by two witnesses and acknowledged and recorded; that no deed or lease for more than one year of land shall be good to hold the land against any one but the grantor and his heirs, unless so acknowledged and recorded; and that no deed made by virtue of a power of attorney shall be of any effect or admissible in evidence, unless acknowledged and recorded. An indenture of lease of land in Vermont was attested by only one witness, and it was not, nor was the power of the attorney who signed it for the grantor, acknowledged or recorded. The lessee entered the demised premises under the lease, and left without being evicted. *Held*, that he was liable on his covenant in the lease to pay rent.

CONTRACT to recover the rent of a shop in Rutland in the State of Vermont, from April 1, 1871, to July 1, 1871, " being the rent reserved for the time aforesaid according to an indenture of lease between the parties." This lease was for five years from April 1, 1870, and the lessees covenanted therein to pay the rent quarterly. The lease was signed by the plaintiff " per William Y. W. Ripley," and by the defendants, and was attested by one witness.

At the trial in the Superior Court, before *Wilkinson,* J., it appeared that the lease was executed at Rutland, in the presence of one witness only, by the defendants, and on behalf of the plaintiff by William Y. W. Ripley, who had a power of attorney from the plaintiff; that neither the lease nor the power of attorney was acknowledged or recorded; that the defendants entered and occupied the demised premises till March 31, 1871, when they vacated them; and that they paid rent for the time they occupied.

At the request of the parties, the judge reported " the questions of law arising in this case, to wit: whether the defendants are holden or liable under said lease," for the determination of this court; the statutes of Vermont to be referred to in considering the report. If the court should be of opinion that the defendants were liable under the lease, then the action to stand for trial in the Superior Court; otherwise judgment to be for the defendants.

*N. W. Harmon,* for the plaintiff.

*J. K. Tarbox,* (*E. J. Sherman* with him,) for the defendants. The Gen. Sts. of Vermont, c. 65, §§ 4, 7, 24, provide that " all

deeds and other conveyances of lands, or of any estate or interest therein, shall be signed and sealed by the party granting the same, and signed by two or more witnesses, and acknowledged by the grantor, before a justice of the peace, town clerk, no*a*ry public, or master in chancery, and recorded at length in the clerk's office of the town in which such lands lie." " No deed of bargain and sale, mortgage or other conveyance, in fee-simple, fee-tail, or for term of life, or any lease for more than one year from the making thereof, of any lands in this state, shall be good and effectual in law, to hold such lands against any other person but the grantor and his heirs only, unless the deed or other conveyance thereof be acknowledged and recorded according to the provisions of this chapter." " No deed or other conveyance of any lands, or any estate or interest therein, made by virtue of a power of attorney, shall be of any effect, or admissible in evidence, unless such power of attorney shall have been signed, sealed, attested, and acknowledged and recorded in the office where such deed shall be required to be recorded, as provided in this chapter."

The lease was witnessed by only one witness, and was not acknowledged or recorded. It is therefore void as against all persons but the lessor or his heirs only. *Day* v. *Adams*, 42 Vt. 510. *Estes* v. *Cook*, 22 Pick. 295. *Kellogg* v. *Loomis*, 16 Gray, 48. The power of attorney was invalid, and the lease was not admissible in evidence.

WELLS, J. The instrument upon which this suit is brought would be inoperative as a deed conveying an interest in land; because it is attested by only one witness, the statutes of Vermont, where the land is, requiring two witnesses; and also because it was executed by an attorney whose power of attorney lacked some of the requisites of those statutes.

As a lease for more than one year, it would also be inoperative to affect the title, or to enable the lessees to hold the land against any other person than the grantor and his heirs. Gen. Sts. of Vt. *c.* 65, § 7.

But it is not therefore void as a contract between the parties executing it. The personal obligation of the contract between

them may be enforced, if there is no other objection to it but that of insufficient compliance with the formalities required by the statute for a deed of land. This doctrine appears to be distinctly recognized as the law of Vermont in the decision relied on by the defendants. *Day* v. *Adams*, 42 Vt. 510.

That it is valid " against the grantor and his heirs " is implied by the very terms of the exception in the statute.

It is argued that, as the express words of the statute limit the exception to the " grantor and his heirs only," such an instrument cannot be valid against a grantee or lessee ; and therefore that the grantee or lessee is not bound by his covenant in an indenture so executed by him. The result of this interpretation would be that the grantor and his heirs would be bound upon the contract, while the grantee or lessee would not.

That the statute of Vermont is not open to a construction so unreasonable, is manifest from its whole purport, which is not to declare the instrument invalid, but only that it shall not be " good and effectual in law, to hold such lands against any other person but the grantor and his heirs only." The invalidity is in respect only of its effect upon the title in the land.

If the defendants accepted the instrument as a lease, and occupied under it for a time, having never been evicted, they are liable upon their covenants therein. It is no defence that they were exposed to eviction in case their lessor had conveyed the land, nor that the lease was imperfectly executed, as a deed, by attorney, on the part of the grantor or lessor. *Hunt* v. *Thompson*, 2 Allen, 341. *Codman* v. *Hall*, 9 Allen, 335.

The provision of the statute of Vermont that no deed so executed by defective power of attorney " shall be of any effect, or admissible in evidence," must have reference only to the use of such instrument to establish title under it, or to charge the nominal grantor upon it as his deed. The grantee cannot take advantage of the defect to relieve himself from liability resulting from his own execution of an instrument which is not required to have the formalities of a deed in order to be operative and binding between the parties thereto, or against the grantor and his heirs. The case must accordingly *Stand for trial.*