## GILCHRIST & CHAMBERLIN v. PHILO B. VAN DYKE.

*Equity.   Unacknowledged   deed.   Notice   to   subsequent   pur-
chaser.   Possession.   Injunction from interference
with spring.*

1.  Simonds and Sutherland, who owned the spring in dispute, conveyed
    the same to the orators by deed which was properly executed by
    Simonds and which was signed, but not witnessed and acknowledged,
    as to Sutherland.   *Held*, that the orators thereby acquired an equit-
    able title to the spring which a court of equity would perfect.
2.  The defendant took his title by deed from Simonds and Sutherland.
    Before acquiring title he had actual notice of the orators' claim.
    The orators were also exercising acts of possession and ownership
    over the spring.   *Held*, that either the actual or constructive notice
    to the defendant would defeat his claim as against the orators and
    render immaterial the question whether or not he paid value.
3.  The spring was one of several which supplied an aqueduct from which
    the orators furnished thirteen families with water.   Some of these
    springs were liable to be dry in dry seasons.   *Held*, that the damages
    accruing to the orators from an interference with this spring were
    irreparable in the sense that they could not be properly estimated,
    and that a court of equity would enjoin such interference.
4.  The master reported that the orators paid $7.51 for the spring and had
    since expended $15 or $20 upon it.   *Held*, that this did not amount to
    a finding that the value of the spring was less than $50 in its changed
    condition, so that the suit should be dismissed for want of jurisdic-
    tion ; but, without the expression of an opinion as to whether the
    orators were entitled to a decree upon the report as it stood, the
    cause was remanded with instructions to recommit the report to the
    master to find the value of the spring and whether the orators began
    their suit claiming in good faith that it exceeded the value of $50.

This was a bill in chancery brought to enjoin the defendant
from interfering with a certain spring.   Heard upon pleadings

and a master's report at the December term, 1889, Caledonia county. Ross, Chancellor, dismissed the bill. The orators appeal.

*Bates & May,* for the orators.

The orators obtained a good title to the spring by their deed from Simonds and Sutherland, although as to the latter it was not witnessed and acknowledged. R. L. 1917-27; *Preston* v. *Robinson,* 24 Vt. 583; *Paine* v. *Slocum,* 56 Vt. 504.

The orators were in possession of the spring and that was sufficient notice to the defendant of their interest. Wade Not., § 235, 373-4; *Stafford* v. *Ballou,* 17 Vt. 329; *Hill* v. *Murray,* 56 Vt. 177; *Holmes* v. *Caden,* 57 Vt. 111; *Lovejoy* v. *Raymond,* 58 Vt. 509; *Shotwell* v. *Harrison,* 30 Mich. 179.

The court had jurisdiction so far as the amount involved can give it. It is the value of the spring to the orators, not what they paid for it that determines. *Moore* v. *Lytle,* 4 John. Ch. 184; *Cummings* v. *Barrett,* 10 Cush. 190; *Cocks* v. *Foley,* 1 Vern. 359; *Parrot* v. *Pawlet,* Carey 103.

The damage to the orator could not be properly measured and ascertained. It was irreparable. *Lyon* v. *McLaughlin,* 32 Vt. 423; High Inj. § 697; Kerr Inj. 288 and note, 292, 294-300 and 304; 2 Sto. Eq. § 928; *Sheldon* v. *Preva,* 57 Vt. 263.

*Ide & Quimby,* for the defendant.

The court had no jurisdiction. The value of the thing in controversy did not exceed $50. The orators paid $7.50 for the spring and had laid out $15 or $20 on it. *Coleman* v. *Aldrich,* 61 Vt. 340; *Smith* v. *Rock,* 59 Vt. 232.

The remedy at law was adequate. *White* v. *Booth,* 7 Vt. 131; *Smith* v. *Pettengill,* 15 Vt. 82; *Currier* v. *Rosebrooks,* 48 Vt. 34; *Safford* v. *Gallup,* 53 Vt. 291; *Prentiss* v. *Larnard,* 11 Vt. 135.

The bill was properly dismissed upon its merits. Each of

the parties owned under their respective deeds an undivided one-half interest, and a Court of Equity will not restrain either one of tenants in common from an interference with the common property.

The defendant does not stand affected with notice. Hearing that the orators had a deed, he went to the town clerk's office and made search for it. He used other means of ascertaining how the fact was and is protected by his dilligence in the premises. *Converse* v. *Blumrich*, 14 Mich. 109 ; *Hyde* v. *Hyde*, 50 Vt. 301 ; *Barnard* v. *Campau*, 29 Mich. 165 ; *Wilson* v. *McCullough*, 23 Penn. St. 440 ; *Ins. Co.* v. *Ins. Co.*, 10 Md. 517 ; *Wyatt* v. *Barnwell*, 19 Ves. 435 ; *Lodger* v. *Simonton*, 2. P. & W. 439; *Peebles* v. *Reading*, 8 Serg. & Raw. 496 ; *Williamson* v. *Brown*, 15 N. Y. 354.

The opinion of the court was delivered by

TAFT, J. Simonds and Sutherland owned the spring in question. Simonds conveyed his interest in it to the orators, by deed properly executed. Sutherland joined in the deed, signed it and affixed his seal; his signature was not witnessed, and he did not acknowledge the execution of it. The deed was delivered to the orators. It was afterwards sent to Sutherland to have its execution completed; he returned it to the orators, with a paper pasted thereon so as to conceal his, Sutherland's, name. This deed thus executed by Sutherland was, when first delivered to the orators at least, evidence of an agreement by him to convey the spring by valid deed to the orators, which, if valid, in connection with the facts shown, that the orators had paid for the spring, taken possession of, improved and expended money upon it, would entitle them in a court of equity to a specific performance of the agreement. *Day* v. *Adams*, 42 Vt. 510 ;. *Vt. Mining and Qy. Co.*, v. *Bank*, 44 Vt. 489.

The defendant took a deed of the spring from Simonds and Sutherland, executed by Simonds for the two grantors, the effect

of which, if valid, was to convey only the interest of Simonds, as there is no finding that he had authority to convey the interest of Sutherland. At the time the defendant took his deed he had actual notice from Gilchrist of the orator's deed. It is a fair construction to give the master's report to say, that it shows that the orators were in possession of the spring at the same time. They had partly dug it out, and were digging a ditch to connect it with the aqueduct. In the deed to the defendant the spring is described as the one "that has been in part dug by the orators." Such possession was constructive notice of the orators' rights; see many cases from *Rublee* v. *Mead,* 2 Vt. 544; to *Canfield* v. *Hard,* 58 Vt. 217. That the defendant had either actual notice of the orators' deed, or constructive notice arising from their possession of the spring, at the time he took his deed, is a sufficient answer to his claim, irrespective of the fact whether he paid value for it or not. With either notice the fact of payment became immaterial. The orators have established a right to the spring as against the defendant.

II. Have the orators an adequate remedy at law? If they have, this suit cannot be maintained. In determining this question we must take into consideration the nature and character of the orators' property and how it may be affected by the acts of the defendant. The orators own an aqueduct fed by springs; one of the springs furnishes no reliable supply, being dry when the ground is not filled with water. Thirteen families are supplied with water from the aqueduct. The threatened invasion of the orators' rights will necessarily be continuing and operate prospectively and indefinitely. To estimate with substantial accuracy the amount of water furnished by each of the springs respectively, will be very difficult. The uncertainty of the supply will tend to render the contracts of the orators to supply others, uncertain. The extent of the injuries to the orators and the consequences resulting therefrom, will be difficult of estimation. In wet weather the orators may not be injured in the least. To ascertain the just

Gilchrist & Chamberlin v. Van Dyke.

measure of damage from the threatened acts of the defendant, if carried out, will be well nigh impossible. Such an injury in a legal sense is irreparable and a writ of injunction is not only permissible but is the most appropriate and only adequate remedy. The case of *Lyon* v. *McLaughlin*, 32 Vt. 423, we think full authority for holding that the orators are entitled to relief in a Court of Equity.

III. The defendant insists that the court has no jurisdiction, for that R. L. Sec. 696 provide that in chancery causes, " A suit concerning property, except a foreclosure of a mortgage, where the matter in dispute exclusive of costs does not exceed $50, shall not be entertained by such court; but shall be dismissed with costs to the defendant." It is not shown by the master's report what the value of the spring was, at the time the suit was begun. The master finds that the orators credited Simonds with $7.51 for the spring, and that that sum was a fair price, and that they had expended $15 to $20 on the spring at the time of the suit. But these facts do not necessarily determine the value of the spring in its changed condition. The expenditures may have added a less or greater value to it. We do not say that upon the facts stated in the report the orators are not entitled to a decree, but as the question is one of difficulty, and the right to the spring and the orators' right to a remedy in equity have been fully litigated and determined in their favor, and the question of jurisdiction is not now limited by the statute, No. 32, Acts 1890, we deem it proper in view of the question made, and the change in the statute, to reverse the decree and remand the cause with a mandate that the report be recommitted with directions to the master to find and report the value of the spring at the time the suit was begun, and whether the orators brought suit, claiming in good faith a value above the sum of $50, or in excess of an annual value of three dollars, and upon report being made to pass such decree as equity and good conscience requires. Costs to be determined by the Court of Chancery.

*Decree reversed and cause remanded.*