WILLIAM H. TINDALE *v.* PETER R. BOVE ET AL.

February Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 7, 1924.

*Mortgages—Defectively Executed Mortgage as Equitable Mortgage—Recorded Deed Reciting Mortgage as Notice to Subsequently Attaching Creditor—Return of Attaching Officer as Showing Knowledge of Mortgage—Knowledge of Attaching Officer of Mortgage on Property Imputable to Attaching Creditor—Priority of Liens.*

1. A mortgage given for the purchase price of property, although defectively executed in that it had but one witness, and so not entitled to registration, *held* a good equitable mortgage.

2. A deed, fraudulently conveying land in a certain town and recorded therein, which recited the existence of a certain mortgage, was constructive notice to a subsequently attaching creditor that the land conveyed thereby, situated in such town, was encumbered by such mortgage.

3. Although deeds, fraudulently conveying land situated in two towns and reciting the existence of a certain mortgage, were recorded in only one of the towns, where the return of an officer making a subsequent attachment, in describing the premises referred to the deeds and their record by book and page numbers, it clearly appeared that the attaching officer had actual knowledge from an examination of the land records that the deeds were so recorded, and that from his own reading he had such knowledge of the premises conveyed, the covenants in the deeds, and the existing encumbrances, as to put him upon inquiry.

4. The knowledge of an officer making an attachment, from an examination of the land records, of the existence of a mortgage on the property attached, is imputed to the attaching creditor.

5. An attaching creditor, having both constructive notice and imputed knowledge of an existing mortgage on the property attached sufficient to put him upon inquiry, is chargeable with

30

notice of all its contents, and hence by such attachment and levy of execution only acquired a lien on the property subordinate to the mortgage.

APPEAL in chancery. Heard on pleadings and facts found by the chancellor, at the September Term, 1923, Rutland County, *Chase,* Chancellor. Decree for plaintiff. The defendants appealed. The opinion states the case. *Affirmed and remanded in part, reversed and remanded in part, with directions.*

*Batchelder & Bates* for the defendants.

*Marvelle C. Webber* for the plaintiff.

WATSON, C. J. The bill of complaint was brought to set aside certain alleged fraudulent conveyances of real estate situated in the city of Rutland, county of Rutland, by Peter R. Bove and his wife, Antoinette M. Bove, by their warranty deed executed and delivered on June 3, 1920, to Louis Ricci, and by the latter, on the same day, by his warranty deed of the same premises to said Antoinette M. Bove, each of said deeds being recorded in the land records of the city of Rutland on June 7, 1920; also to set aside certain alleged fraudulent conveyances of certain pieces of real estate situated in the towns of Sandgate and Rupert, county of Bennington, by Peter R. Bove by his warranty deed executed and delivered on June 3, 1920, to said Louis Ricci, and by the latter, on the same day, by his warranty deed of the same premises to said Antoinette M. Bove.

The facts were found by the chancellor, and thereon a decree was rendered that, among other things, the said several conveyances of the real estate situated in the city of Rutland, and also of real estate situated in the towns of Sandgate and Rupert, by Peter R. Bove to Louis Ricci and by Louis Ricci to Antoinette M. Bove, are fraudulent and void and of no legal effect as to this complainant. The position of the Harry C. Gray estate is that of an equitable mortgagee of part of said real estate situated in the two towns named. In this respect the decree is that the lien of the plaintiff is superior to that of said mortgage; and that the said mortgage was not and is not a valid and legal mortgage and was not and is not entitled to record, and does not constitute

a lien prior to the plaintiff's attachment and levies upon execution. The case is here solely on an appeal by the Gray estate, and the only question presented respects the right of priority between the two liens.

[1] The record shows that the mortgage, given by Peter R. Bove to Harry C. Gray, dated April 30, 1919, upon property situated in the towns of Sandgate and Rupert, was attested by only one witness; that it was given for the purchase price of the said property at the time the same was conveyed to Peter R. Bove, the conveyance to Bove and the mortgage to Gray being parts of one and the same transaction. The mortgage was given to secure the payment of a note for the sum of $1,200, payable to the order of Harry C. Gray, on which was paid March 11, 1921, $150.55, and on May 12, 1921, $50.75. The balance of the note is now justly due and unpaid. While this instrument was defectively executed and so not entitled to registration, it is a good equitable mortgage (*Morrill* v. *Morrill,* 53 Vt. 74, 38 A. R. 659), and its standing as to priority against the plaintiff's lien by attachment and levy of execution, depends upon other considerations.

The deed given by Peter R. Bove to Louis Ricci, fraudulently conveying the land covered by the Gray mortgage, describes the land as follows: "Being the same premises deeded to Peter Bove by Harry C. Gray and Maud C. Gray by their deed dated April 19, 1919, and recorded in Book 23, pages 517-519 of the land records of the town of Rupert, and in Book 19, pages 599-600 of the land records of the town of Sandgate, to which deed and records thereof reference may be had for further description." The deed contains a covenant that the premises "are free from every encumbrance except mortgage to said Grays." On the same day, June 3, 1920, Louis Ricci conveyed the same described piece of land to said Antoinette M. Bove, by his warranty deed, containing a covenant that the premises "are free from every encumbrance except mortgage to said Grays which the grantee assumes and agrees to pay." These two deeds were recorded in the land records of Rupert on June 4, 1920, but were not recorded in the land records of the town of Sandgate.

[2-4] The plaintiff's suit against Peter R. Bove in which was attached the land covered by the Gray mortgage, and in which was recovered the judgment on which was issued the execu-

tion levied on said land, was not brought until December, 1920, and the attachment was made in that month. The plaintiff, therefore, when his said attachment was made, had constructive notice of the fact, shown by each of said deeds, that the land conveyed thereby, situated in Rupert, was encumbered by a mortgage to "said Grays." *Perrin* v. *Reed,* 35 Vt. 2; *Hackett* v. *Callender,* 32 Vt. 97; *Hart* v. *Farmers & Mech. Bank,* 33 Vt. 252; *Holmes* v. *Caden,* 57 Vt. 111. But on the authority of the Perrin case it may be that such constructive notice did not extend to the part of the described land situated in Sandgate, the Bove-Ricci deeds not being recorded in that town, a question not necessary now to decide; for the officer employed to make the attachment of the land in Rupert, described it in his return on the original writ in part, as "being the same premises deeded to Peter Bove by Harry Gray and Maud Gray, his wife, and by Peter Bove deeded to Louis Ricci, June 3 or 4, 1920, by deed recorded in land records of Rupert in Book 23, page 580, and by Louis Ricci to Antoinette Bove the same day, by deed recorded in said land records in Book 23, page 581." Thus it clearly appears that the attaching officer, in making the attachment of the part of said land in Rupert, had actual knowledge from an examination of the land records in that town, that the said deeds from Peter Bove to Ricci and from Ricci to Antoinette M. Bove were there recorded in the book and on the pages named, and from his own reading had such knowledge of the entire premises thereby conveyed, and of the covenants in said deeds, showing an encumbrance by a mortgage to Gray, as to put him upon inquiry. Such knowledge so acquired by the officer is imputed to the attaching creditor, the plaintiff. *Tucker* v. *Tilton,* 55 N. H. 223.

[5] The plaintiff being affected both by constructive notice and imputed knowledge of the Gray mortgage sufficient to put him upon inquiry concerning it, as before observed, he is chargeable with notice of all its contents. 1 Jones Mort. (4th ed.) § 593.

And consequently by his subsequent attachment and levy of execution he only acquired a lien on the property subordinate to that mortgage.

*Decree affirmed and cause remanded, except as to the priority between the plaintiff's lien as attaching and execution creditor, and the lien of the mortgage to Harry C. Gray, as to which the decree is reversed and cause remanded with directions that in this respect a decree be entered in accordance with the views expressed in the foregoing opinion, and not otherwise. Let defendant Irving V. Gill, executor of the estate of Harry C. Gray, recover his costs.*