**In re SSL CORPORATION, Debtor.**

**SSL CORPORATION, Roland Boutin, Bruce Latelle and Westwood Corporation, Appellants,**

v.

**VERMONT FEDERAL BANK, FSB, Appellee.**

Civ. A. No. 5:93–CV–97.
Bankruptcy No. 92–10672.

United States District Court, D. Vermont.

Nov. 8, 1993.

Joseph C. Palmisano Associates, Barre, VT, for appellant SSL Corp.

Jess Thomas Schwidde, Glinka & Schwidde, Rutland, VT, for appellant Boutin.

Raymond J. Obuchowski, Obuchowski & Reis, Bethel, VT, for appellants Latelle and Westwood Corp.

Douglas J. Wolinsky, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, for appellee Vt. Federal Bank.

### ORDER

BILLINGS, District Judge.

On March 31, 1993 Appellants Bruce Latelle, Westwood Corp., Roland Boutin and John Canney, Successor to the Debtor as Trustee, filed appeal from the Order of the United States Bankruptcy Court Judge Francis G. Conrad entered March 8, 1993, granting Vermont Federal Bank's ("FSB") motion for relief from the automatic stay provisions of 11 U.S.C. § 362.

The issue this Court must decide is whether the recording of an affidavit of a second witness to a mortgage, subsequent to the recording of such mortgage attested to by only one witness, cures the defect and thereby prevents the trustee from avoiding FSB's mortgage under the "strong arm" provision of the Bankruptcy Code. 11 U.S.C. § 544(a)(3).

As a court of appeals, a district court may not set aside the bankruptcy court's findings of fact unless clearly erroneous but may review **de novo** the bankruptcy court's conclusions of law. F.R.B.P. 8013. The record reflects that on August 12, 1988, debtor acquired the property located at 2004 Williston Road, South Burlington, Vermont, by warranty deed from Clarice D. Boutin, and recorded said deed in the City of South Burlington land records. On or about the same date, debtor executed a mortgage deed in favor of FSB containing only one witness attestation in violation of the two witness requirement under 27 V.S.A. § 341(a). On April 4, 1990 FSB filed a separate affidavit with the South Burlington Land Records of a second witness to satisfy the Vermont statutory requirements. On August 27, 1993 debtor filed for relief under Chapter 11 and sought to avoid the mortgage and regain the property in question under the "strong arm" provisions of the Bankruptcy Code. 11 U.S.C. § 544(a)(3).

FSB objected on the grounds that it had perfected its interest in the property prior to bankruptcy, providing the trustee with constructive notice of the encumbrance and thereby precluding application of the automatic stay. Judge Conrad agreed that the subsequently filed affidavit of the second attesting witness "cured" FSB's mortgage and therefore granted FSB relief from stay.

This Court agrees that the subsequently filed affidavit rendered the defective mortgage legally valid. Because the corrective affidavit was filed within the mortgagor's chain of title more than two years before debtor filed for bankruptcy, the trustee had adequate notice of the encumbrance and could not avail himself of the 11 U.S.C. § 544(a)(3) avoidance privileges. *See In re Davis,* 109 B.R. 633 (Bankr.D.Vt.1989) (Trustee could not exercise strong arm power to avoid unacknowledged, improperly filed, and unwitnessed deed because other facts such as purchasers' possession of the property put trustee on inquiry notice); *see also In re Ryan,* 851 F.2d 502 (1st Cir.1988) (Citing *Gilchrist and Chamberlin v. Van Dyke,* 63

Vt. 75, 21 A. 1099 (1890), which held that a purchaser's actual knowledge of an improperly recorded deed by way of claimants' acts of possession and ownership creates a duty to inquire about the competing claim).

In light of its conclusion that the corrective affidavit provided the trustee with adequate notice of FSB's claim and thus prevented avoidance under 11 U.S.C. § 362, this Court hereby AFFIRMS the Bankruptcy Court's Order granting relief from stay.

SO ORDERED.