**In re SSL CORPORATION, Debtor.**

**Roland BOUTIN, Bruce Latelle and Westwood Corporation, Creditors,**

**John R. Canney, III, Successor to the Debtor as Chapter 7 Bankruptcy Trustee, Appellant,**

v.

**VERMONT FEDERAL BANK, FSB, Appellee,**

**Kevin Purcell, Party–in–Interest, Trustee.**

**No. 1569, Docket 93–5122.**

United States Court of Appeals, Second Circuit.

Argued May 31, 1994.

Decided June 7, 1994.

John R. Canney, III, Rutland, VT, for appellant.

Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT (Philip D. Saxer, of counsel), submitted a brief for appellee.

Before: KEARSE and PRATT, Circuit Judges, and CARTER, District Judge.*

PER CURIAM:

Bankruptcy Trustee John R. Canney, III, appeals from an order of the United States District Court for the District of Vermont, Franklin S. Billings, Jr., *Judge,* affirming the order of the bankruptcy court, Francis G. Conrad, *Bankruptcy Judge,* granting the motion of appellee Vermont Federal Bank (the "Bank") for relief from the automatic stay with regard to property previously owned by debtor SSL Corporation and encumbered with a mortgage in favor of the Bank. The trustee argues principally that under Vermont Law a mortgage is ineffective to give notice to a bona fide purchaser unless it bears the signatures of two witnesses, *see* 27 V.S.A. § 341; *see also Day v. Adams,* 42 Vt. 510, 515 (1869) (under predecessor of 27 V.S.A. § 341, mortgage lacking second signature held insufficient to constitute notice requiring subsequent purchaser to investigate the true ownership of the land); *Morill v. Morill,* 53 Vt. 74, 78 (1880) (citing *Day v. Adams obiter* with approval); and that because the Bank's mortgage had been signed by only one witness, the trustee is entitled to avoid the mortgage.

In an Order dated November 8, 1993, published at 167 B.R. 784, the district court rejected this argument on the ground that the defect in the mortgage had been cured, well in advance of the bankruptcy, by the filing of an affidavit of a second witness:

> Because the corrective affidavit was filed within the mortgagor's chain of title more than two years before debtor filed for bankruptcy, the trustee had adequate notice of the encumbrance and could not avail himself of the 11 U.S.C. § 544(a)(3) avoidance privileges. *See In re Davis,* 109 B.R. 633 (Bankr.D.Vt.1989) (Trustee could not exercise strong arm power to avoid unacknowledged, improperly filed, and unwitnessed deed because other facts such as purchasers' possession of the property put trustee on inquiry notice); *see also In re Ryan,* 851 F.2d 502 (1st Cir.1988) ( [c]iting *Gilchrist and Chamberlin v. Van Dyke,* 63 Vt. 75, 21 A. 1099 (1890), which held that a purchaser's actual knowledge of an improperly recorded deed by way of claimants' acts of possession and ownership creates a duty to inquire about the competing claim).

167 B.R. at 784.

We have considered all of the arguments advanced by the trustee on this appeal, and we conclude that the Vermont Supreme Court, in the circumstances presented here, would reach the result reached by the district court, substantially for the reasons stated in Judge Billings's order.

Accordingly, the order of the district court is affirmed.

---

* Honorable Robert L. Carter, of the United States District Court for the Southern District of New York, sitting by designation.