**In re Stanley & Susan POTTER, Debtors.**

**Mortgage Lenders Network, USA, d/b/a Family Credit Connection, Defendant–Appellant,**

**v.**

**Jan M. Sensenich, Trustee, Stanley and Susan Potter, Plaintiffs–Appellees,**

**United States Trustee, Trustee.**

**Docket No. 02–5016.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 27, 2002.

Certification to the Vermont Supreme Court: Dec. 11, 2002.

Decided: Dec. 11, 2002.

Christopher O'C Reis, Webber, Reis, Holler & Urso, Randolph, Vermont, for defendant-appellant.

Jan M. Sensenich, White River Junction, Vermont, for plaintiffs-appellees.

Before: CALABRESI and LEVAL, Circuit Judges, and TRAGER, District Judge.[*]

PER CURIAM:

Appellant Mortgage Lenders Network (MLN) held an improperly witnessed mortgage on the property of Stanley and Susan Potter. In January 2000, MLN initiated foreclosure proceedings against the Potters. In May 2000, the Potters filed for federal bankruptcy. The bankruptcy trustee seeks to avoid the mortgage, arguing that an improperly witnessed mortgage is invalid and therefore would not be binding on a subsequent purchaser. MLN argues that the filing of the foreclosure complaint gave subsequent purchasers constructive notice of the underlying mortgage and that as a result, the trustee cannot avoid the mortgage. We conclude that Vermont courts have not yet ruled on the issue presented by this case. Because the issue involves important public policy considerations for Vermont, we certify our question to the Vermont Supreme Court, asking for its guidance.

BACKGROUND

MLN executed a mortgage with Stanley and Susan Potter on December 10, 1998. The mortgage was recorded in the land records, but was not witnessed as required by Vermont law, Vt. Stat. Ann. tit. 27, § 341.

On January 24, 2000, MLN initiated a foreclosure action against the Potters and filed a foreclosure complaint in the Rutland Clerk's office. The state court issued a Judgment Order and Decree of Foreclosure in favor of MLN on March 31, 2000.

Subsequently, on May 22, 2000, the Potters filed for bankruptcy under Chapter 13 of the Federal Bankruptcy Code. The Chapter 13 trustee initiated this action seeking to avoid the mortgage, based on the fact that the mortgage was not witnessed. MLN responded by arguing that under Vermont law, its filing of the foreclosure complaint constituted constructive notice, barring avoidance.

The United States Bankruptcy Court for the District of Vermont (Brown, J.) granted the trustee's cross-motion for summary judgment on September 21, 2001, reasoning:

Vermont law is clear that an invalid mortgage is not sufficient to put someone on notice and that a deed or mortgage that is improperly witnessed or acknowledged is deemed invalid.... Moreover, Vermont courts construe the doctrine of *lis pendens* strictly and against extending its operation without strict necessity. The simple act of recording a copy of a foreclosure proceedings based upon an invalid mortgage ... cannot by *legerdemain* somehow cure the fatal defect and create a valid instrument for purposes of constructive notice.

MLN appealed and in a decision filed on January 22, 2002, the United States District Court for the District of Vermont (Murtha, C.J.) affirmed the ruling of the Bankruptcy Court. Following the logic of a First Circuit case that had considered a similar situation, *In re Ryan*, 851 F.2d 502 (1st Cir.1988), the district court held that the fact "[t]hat Mortgage Lenders filed its

---

[*] The Honorable David G. Trager, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

foreclosure complaint does not alter the fact that, under Vermont law and prior to the debtors' filing of bankruptcy, the mortgage itself was insufficient to constitute notice to a subsequent bona fide purchaser." On appeal, MLN reiterates the arguments it made below.

## DISCUSSION

The federal bankruptcy code provides that a trustee shall be able to avoid an obligation if a hypothetical purchaser, buying at the time the bankruptcy proceedings are initiated, would also be able to avoid the obligation.

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property ... from the debtor ... that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

■ Vermont law requires that mortgages shall be "signed by one or more witnesses." Vt. Stat. Ann. tit. 27, § 341(a). Furthermore, Vermont cases establish that an improperly witnessed transfer is not binding on subsequent purchasers. *Day v. Adams,* 42 Vt. 510, 1869 WL 2698 (1869); *Lakeview Farm, Inc. v. Enman,* 689 A.2d 1089, 166 Vt. 158 (Vt.1997).

Vermont, however, also recognizes the doctrine of *lis pendens* in its procedural rules governing foreclosure:

> The filing [of the foreclosure complaint] shall be sufficient notice of the pendency of the action to all persons who acquire any interest or lien on the mortgaged premises between the dates of filing the copy of foreclosure and the recording of the final judgment in the proceedings. Without further notice or service, those persons shall be bound by the judgment entered in the cause and be foreclosed from all rights or equity in the premises as completely as though they had been parties in the original action.

Vt. Stat. Ann. tit. 12, § 4523(b). MLN argues that this *lis pendens* provision entails that its filing of a foreclosure complaint effectively cured the original defect in the underlying mortgage by providing constructive notice of that mortgage to subsequent purchasers. This in turn, MLN claims, bars the trustee's attempt to avoid the mortgage.

If we did not have the option of certification to the Vermont courts, we would affirm the judgment of the district court. As recently as 1993 the Vermont legislature considered and retained the requirement that mortgages be witnessed (though it lowered the number of required witnesses from two to one). 1993 Vt. Acts & Resolves 174 (Adj.Sess.). And four years later, the Vermont Supreme Court confirmed Vermont's strong interest in enforcing the witness requirement, holding that "[a] deed that is improperly witnessed and acknowledged is invalid." *Lakeview Farm,* 689 A.2d at 1093. It is therefore clear that Vermont is committed to enforcing the requirement that all mortgages be witnessed. Moreover, its chosen method for such enforcement has been to deny the validity of the mortgage, regardless of whether the imperfect instrument was recorded or not.

■ According to the logic of this method of enforcement, the fact that MLN recorded a foreclosure complaint before the trustee acquired the status of a hypothetical purchaser would not seem suffi-

cient to cure the original defect. The original invalid mortgage was itself recorded—and was there in the land records for anyone to see. An additional recorded instrument referencing the original mortgage changes nothing in this respect. Given that the first recorded instrument did not give valid notice under Vermont law, we do not see why a second recorded instrument that fails to cure the defect of the first should be taken to do so.[1]

■ Affirmance would appear to be consistent with Vermont's doctrine of *lis pendens*. Under Vermont law, a mortgage foreclosure gives subsequent purchasers constructive notice "as completely as though they had been parties in the original action." Vt. Stat. Ann. tit. 12, § 4523(b). That is, they are put on notice as if they were a party to the foreclosure. But notice of the foreclosure is not equivalent to putting the subsequent purchaser in the position of the grantor—which would make an improperly witnessed mortgage effective against that subsequent purchaser. Vt. Stat. Ann. tit. 27, § 342. Rather, the *lis pendens* provision merely stipulates that the filing of the foreclosure complaint establishes constructive notice of the foreclosure itself. Of course, in practice, if someone has notice of a foreclosure that person has also been made aware of the underlying mortgage. But this does not obliterate Vermont's legal fiction that an unwitnessed mortgage fails to give notice to subsequent purchasers.

Affirmance, however, presumes a relatively high degree of formalism in Vermont law. And such formalism is by no means the only possible approach to cases like this. *See In re Ryan*, 851 F.2d at 507–10 (discussing the claim that modern courts look to "substance over form" in the area of land recording law); *In re Periandri*, 266 B.R. 651, 658 (6th Cir.BAP2001) (holding that under Ohio law, the filing of a foreclosure complaint put the bankruptcy trustee on notice and thereby "thwart[ed] the trustee's accession to the status of bona fide purchaser without notice"). Moreover, the rule appears particularly harsh in the context in which it is most likely to arise—bankruptcy proceedings, where its consequence is that the bankruptcy trustee can avoid a mortgage that the original grantor would not be able to avoid, Vt. Stat. Ann. tit. 27 § 342 ("[A] mortgage ... shall not be effectual to hold such lands against any· person *but the grantor and his heirs*, unless the ... conveyance is acknowledge and recorded as provided in [§ 341] ...." (emphasis added)), though unlike the case of an actual subsequent purchaser, the original grantor often shares the trustee's interest in avoiding the mortgage.

We note that the effect that filing a foreclosure complaint has on an improperly witnessed mortgage is much more likely to arise in federal bankruptcy courts than in state courts. *See, e.g., In re Ryan; In re Periandri.* Perhaps as a result, even though the question raises an important question of state law, apparently no Vermont court has ruled on it.

■ Under the circumstances, we deem it wise respectfully to certify the following question to the Vermont Supreme Court:

Where a recorded mortgage was not witnessed, does the filing of a foreclosure complaint suffice under Vermont law to give subsequent purchasers constructive notice of that mortgage and

---

1. We note that an improperly witnessed deed can be cured by the filing of a "corrective" deed that includes the requisite witness signatures. *See Lakeview Farm,* 689 A.2d at 1093. Unlike the filing of a foreclosure complaint, the recording of such a deed does acknowledge and cure the defect of the missing witness signature.

thereby make it valid and binding on subsequent purchasers?

The certified question may be reformulated or expanded to cover other pertinent questions of Vermont law that the Vermont Supreme Court finds appropriate to answer in connection with this appeal. And we welcome any guidance the Vermont Supreme Court might wish to provide with respect to any state law issues presented by this appeal. This panel retains jurisdiction to consider all questions that remain before us once the Vermont Supreme Court has either provided us with its guidance or has declined certification.

Accordingly, it is hereby ORDERED that the Clerk of this Court transmit to the Vermont Supreme Court a Certificate, as set forth below, together with a complete set of the briefs, appendix, and record filed by the parties in this Court. The parties are further ORDERED to bear equally such costs and fees, if any, as may be required by the Vermont Supreme Court.

## CERTIFICATE

The foregoing is hereby certified to the Vermont Supreme Court pursuant to Second Circuit Local Rule § 0.27 and Vermont Rules of Appellate Procedure Rule 14, as ordered by the United States Court of Appeals for the Second Circuit.