WASHINGTON           LUMAN RUBLEE *vs.* SILAS MEAD.
March,
1830.

An open and exclusive possession and improvement of land for any considerable time,
claiming title thereto, is such presumptive evidence of title in the possessor, that
an attaching creditor of a third person in whom the record evidence of title is, will
be held to be affected with notice of a deed from his debtor to the party in posses-
sion, though such deed may have been recently given, in execution of a contract of
purchase under which the possession was taken, and not recorded.

     This was *ejectment* for a part of lot No. 66, in the fourth di-
vision in *Middlesex.*   The seisin of the plaintiff was laid on the
16th, and the ouster on the 20th day of July, A. D. 1828.   On trial
in the county court, the plaintiff proved the defendant in posses-
sion at the commencement of the action, and gave in evidence
the record of an attachment of the premises in question, on a writ
of attachment in favor of the plaintiff against one *Joel Mead,* fol-
lowed by a judgement, execution and levy of the same upon said
premises, made within five months from the rendition of judge-
ment.   The levy was made on the 16th day of July, A. D.
1828; recorded in the town clerk's office on the 21st; and in the
office from which the execution issued, on the 23d day of the
same month.   The attachment was served on the 15th day of
February, 1828, and a copy of the writ, together with an abstract
containing the substantial part of the writ, and the officer's return,
were then left by the officer in the town clerk's office ; but the
clerk, being absent at the time, did not personally receive these
papers, till the 23d, when he entered a certificate upon them, that
they had been received in his absence on the 15th, and were filed
by him on the 23d.   The substantial part of the writ and the re-
turn were recorded from the abstract aforesaid on the 25th day of
February, A. D. 1828.   The plaintiff also showed the record of
a deed of the same premises from *Joel Mead* to the defendant,

Which deed was dated on the 12th day of *February*, 1828, left for record, in the absence of the town clerk on the 16th, received by him and filed for record on the 23d, and recorded on the 25th day of the same month.

WASHINGTON
March,
1830.

Rublee
vs.
Mead.

The defendant proved that on the 1st day of June, 1818, *Jonathan Arms* executed to *Joel Mead*, a bond for a deed of a farm, consisting of parts of lots no. 66, 67, and 68, in the 4th division, and 28 in the 1st division, and including the premises in question, which farm he afterwards deeded to said *Mead*—That in the course of the same year the defendant verbally contracted for the purchase of the farm from *Joel Mead*, at the price of seven hundred dollars, and in part payment for the same, deeded to a third person, by direction of *Joel Mead*, another farm at the price of four hundred dollars ;—that in the spring of 1819, the defendant, under the contract aforesaid, entered and took possession of said farm, and was soon after prosecuted, in ejectment, for about thirty acres of it, which was contained in lot no. 67, by *Charles Bulkley*, who recovered the same by a title adverse to that of *Arms*.—That the defendant continued to possess the other parts of the farm under said contract for a purchase, and made valuable improvements thereon by clearing and fencing the land, and building a dwelling house on that part contained in lot no. 66, and has ever since remained in possession.—That, on the 12th day of February, 1828, in pursuance and execution of the contract aforesaid, *Joel Mead* executed to the defendant in due form of law, a deed of conveyance of all the farm, except the thirty acres so recovered by *Bulkley ;* This was the same deed which was given in evidence on the part of the plaintiff.

The questions raised on the trial were, whether the plaintiff by his attachment and levy had acquired a priority of title under *Joel Mead*, and if so, whether he had shown such a seisin and ouster as would enable him to recover upon his declaration, and whether a notice to quit, or an entry, or demand of possession were necessary before bringing the action. These points being ruled in favor of the defendant, and verdict and judgement accordingly, the plaintiff filed exceptions which were passed to this court for a final hearing according to the statute.

The cause was now argued at length upon all the questions made at the trial, by *Upham* for the plaintiff, and *Baylies* for the defendant. The former cited—1 *Chip.* 42, 48, 49.—3 *Vessey, Jr.* 478.—2 *Atk.* 275.—3 *Ib.* 654.—8 *Johns.* 137.—1 *Ib.* 573, 10 *Ib.* 185, 457.—14 *Ib.* 124, 417.—2 *Mass.* 509.—14 *Ib.* 296, —15 *Ib.*233.—16 *Ib.*406.—3 *Pick.*149.—4 *Ib.*253.—1 *Cranch,* 160.—2 *Vern.* 384.—2 *Fonb.* 153.—*Amble,*313.

TTT

WASHINGTON,
*March,*
1830.

Rublee
*vs.*
Mead.

The latter cited—2 *Mass.* 506.—3 *Ib.* 575.—4 *Ib.* 634.—5 *Ib.* 457.—6 *Ib.* 36, 487.—10 *Ib.* 62.—*Vert. Stat.* 85, 108, 211, 421.—2 *Bl. Com.* 314.—*Co. Lit.* 345.

ROYCE, J. delivered the opinion of the court.—The members of the court are not fully agreed in opinion upon the point of priority in recording, between the plaintiff's attachment and the defendant's deed ; but for the present occasion that point, as also those relating to the seisin and ouster as laid in the declaration, and to the necessity of an entry, notice to quit, or demand of possession preparatory to bringing the action, are ruled in favor of the plaintiff.

The principal question to which our attention has been directed is, whether the facts in this case, aside from the record of the deed, furnished evidence sufficient to affect an attaching creditor of *Joel Mead* with notice of title in the defendant. Notice may be of different kinds, as constructive, from a record authorised by law, express, when direct information of a fact is communicated to the party, or implied, when the fact is sufficiently indicated by other circumstances. The proposition that a prior unrecorded deed, if *bona fide* and for a valuable consideration, will prevail against a subsequent purchaser having notice of such deed, has been long settled beyond controversy ; and the question here is not upon the general rule, but upon the species of notice to be required, and the kind of evidence by which it should be shown. This subject seems to have been much discussed in *Massachusetts,* under a part of their statute which is exactly similar to the 5th section of ours.—*Vt. Statute,* 167. In *Norcross* vs. *Widgery,* 2 *Mass.* 506, *Parsons, Ch. J.* says, "The provision of the statute for registering conveyances is to prevent fraud, by giving notoriety to alienations. But if the second purchaser has notice of the first conveyance, the intent of the statute is answered, and his purchase afterwards is a fraudulent act. This notice may be express, or it may be implied from the first purchaser being in the open and exclusive possession of the estate under his deed." In the supplement to 3 *Mass.* 576, Judge *Trowbridge,* speaking of the entry of a grantee, under an unrecorded deed says,—"and such entry, being followed by a visible improvement of the land, and taking the profits thereof, is such evidence of an alteration of the property, as will amount to the implied notice thereof." In *Farnsworth* vs. *Childs,* 4 *Mass.* 637, *Parsons, Ch. J.* again remarks,— "and it has been very reasonably determined that notice to the second purchaser may be either express or implied. It is express, when knowledge of the first conveyance has in fact been commu-

nicated to him.   It may be implied from circumstances ; as when the first purchaser is in possession claiming the land."   The same doctrine is laid down in each of the other cases cited on the part of the defendant.   The case in 3 *Pick*. 149, was one in which the possession was held not to be sufficiently notorious to furnish evidence of title.   The learned opinion there given is calculated to limit, but does by no means overrule, the doctrine of previous decisions.   The cases in 4 *Pick*. 252, and 5 *Ib*. 450, are distinguishable from the present.   Upon the whole there is no doubt that implied notice is admissible in these cases, to affect the validity of a second purchase, and that an open exclusive possession and improvement of the land for any considerable time is proper evidence to establish such notice.

In the present instance there was a possession, attended with every ostensible character of ownership, for about nine years previous to the attachment.   The defendant paid no rent, nor did or suffered any act implying title in another ; he cleared the land and built upon it as any absolute proprietor would have done.   And we think such possession was notice to the public, quite sufficient to put any person upon enquiry into the defendant's title, who after all this would attempt to acquire one under *Joel Mead*.   It is true that when the attachment was made the defendant's deed was very recent ; but still the presumption of a right in him was so strong, that the plaintiff acted at his peril, and must submit to the legal title in which this presumptive evidence had finally terminated.

That an attaching creditor is equally affected with notice of a prior conveyance as any other purchaser, we believe is little doubted by the profession at this day, though formerly it was supposed there was a distinction.   There seems to be no good reason for the difference, since the ground of impeaching the second purchase is fraud upon the rights of the first purchaser ; and no creditor can claim an indulgence to commit a fraud.—4 *Mass.* 639.—6 *Ib.* 487.—10 *Ib.* 60.—1 *Swift's Dig.* 126.

Judgment of the county court affirmed.

*Upham*, for the plaintiff.

*Baylies*, for the defendant.