EZRA SANGER *v.* JAMES CRAIGUE.

ORLEANS,
*March,*
1838.

Where a deed of the east half of a lot is recorded as a deed of the west half, an after purchaser of the east half, who has no notice that the deed on record is different from the original, will be protected.

EJECTMENT for east half of lot No. 88, in Troy. The plaintiff and defendant both claimed title from Joseph Craigue. The deed, under which defendant claimed, was of the same land and prior in date to the deed to plaintiff, but was recorded, by a mistake of the town clerk, as a deed of the *west* half of lot No. 88.

The county court decided that the plaintiff was entitled to recover ;—to which decision the defendant excepted.

*J. Cooper* and *D. A. Smalley*, for defendant, insisted that a grantee, leaving a deed with the town clerk for record, does all he is bound to do or can do, and that he is then entitled to all the protection which a true record, seasonably made, would afford him.

*E. Paddock*, for plaintiff contended that the record, and not the deed in the defendant's possession, must govern the plaintiff in his inquiries into the title, and he cited, *Beekman* v. *Frost*, 18 Johns. R. 544.

The opinion of the Court was delivered by

WILLIAMS, C. J.—From the records of the town it appears that Joseph Craigue, being the owner of lot No. 88, in the township of Troy, conveyed the east half of the same to the plaintiff by deed, dated the 25th of August, 1835. He had previously deeded the same to one Alexander Wright, under whom the defendant was in possession, but, by mistake of the town clerk, the deed, which was executed to Wright, and which was of a prior date to the deed executed to the plaintiff, was recorded as a deed of the *west half*. In the absence of any proof of notice to the plaintiff of the existence of the deed to Wright, other than what was contained in the record, the title of the plaintiff must prevail. He was only bound to notice the title, as it appeared of record, which was of the other half of the lot, and not the one conveyed to him. It is not stated in the case, or found, that either Alexander Wright or the defendant James Craigue,

who claims by deed from him, dated March, 1833, was in possession of the east half at the time the deed to the plaintiff was executed, so as to bring him within the principle established by the case of *Rublee* v. *Mead*, 2 Vt. 544. Nothing more is shown than that the plaintiff has a good title, as appears by the town clerk's records. This is not to be defeated by the deed from Joseph Craigue to Wright, which, as it respects the land in dispute, is unrecorded.

The judgment of the county court is, therefore, affirmed.

REDFIELD, J., having presided in the county court, on the trial of this case, did not sit.