In re James T. DAVIS, d/b/a George Davis & Sons, d/b/a Quality Construction, d/b/a Quality Carpentry, d/b/a J & G Trucking, d/b/a DebCon Co., Debtor.

Raymond J. OBUCHOWSKI, Trustee of Estate of James T. Davis, Plaintiff,

v.

George V. DAVIS and Dorothy M. Davis, Defendants.

Bankruptcy No. 88–00049.
Adv. No. 89–00001A.

United States Bankruptcy Court,
D. Vermont.

June 15, 1989.

J. Canney, Hull, Webber, Reis & Canney, Rutland, Vt., for George and Dorothy Davis (Davises).

R. Obuchowski, Mayer, Berk & Obuchowski, South Royalton, Vt., Trustee.

## MEMORANDUM DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

FRANCIS G. CONRAD, Bankruptcy Judge.

This adversary proceeding[1] is before us on the Trustee's complaint for declaratory judgment and to compel turnover of property. We hold that Vermont law requires the Trustee to be a bona fide purchaser before he can compel the Davises to turnover real property, and because we find he is not a bona fide purchaser, his motion for summary judgment will be denied.

The Debtor filed for Chapter 7 bankruptcy under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., on February 29, 1988. The plaintiff-Trustee is the duly appointed Chapter 7 Trustee.

On January 26, 1989, the Trustee filed an adversary proceeding under 11 U.S.C. §§ 541, 542, and 543. For cause, the Trustee alleges that a certain parcel of land located in the Town of Woodford, Bennington County, State of Vermont was transferred to the Davises by the Debtor[2] under an instrument not properly executed and recorded under Vermont State law.

In a Pre–Trial Statement filed with the Court on March 10, 1989, the Davises admit to all of the relevant allegations in the Trustee's complaint including that they were witnesses to the May 6, 1986 instrument[3] and that they failed to record the instrument under which they claim title.

At the Pre–Trial Conference, the parties added to the facts by agreeing that the Debtor intended to convey the property to the Davises and that Exhibit "A" was delivered to them.

At the Pre–Trial Conference, we indicated that oral cross-motions for summary judgment were appropriate and that we intended to rule from the bench. Both parties moved for summary judgment. The Davis' attorney requested the right to submit a brief prior to our ruling. We acquiesced to the request. With the briefs that were submitted, the Davises also attached an affidavit.

The affidavit shows that the Davises believed they were the lawful owners of the property. The affidavit also avers that after May 6, 1986, the Davises posted the property with "no trespassing" signs, signed by them. They maintained and re-

---

1. We have jurisdiction to hear this proceeding under 28 U.S.C. § 1334(b) and Part V of the Local Rules for the United States District Court for the District of Vermont. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O). This Memorandum Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

2. We are not told if the Debtor and the Davises are related.

3. See, Exhibit "A" attached.

placed the "no trespassing" signs as needed. They assert that they physically used the property in various ways, including placing storage trailers on the property; storing personal property in the trailers and in a structure on the property; cutting trees and clearing bush; establishing and maintaining a vegetable garden; and, digging ditches that drained swamp areas. Finally, they claim that their use of the property continues to the present time. The Trustee did not object to, nor did he offer any rebuttal to, the facts averred in the affidavit.

The Davises assert several arguments in defense of the Trustee's complaint. First, they assert that legal title was conveyed despite the facts that the deed was not recorded in the appropriate land records, was witnessed by the Davises, and lacks a notary public's acknowledgement. Second, and as an alternative argument, they claim that even in the absence of legal title, equitable title was conveyed. Third, they argue that the Trustee may not assume fraud on the part of the Debtor.[4] Finally, in the event we decide the Davises are not entitled to keep the property, the Davises claim an executory contract to purchase the property exists that must be completed by the Trustee.

To prevail on a motion for summary judgment, the movant must satisfy the criteria set forth in F.R.Civ.P. 56 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7056. F.R.Civ.P. 56 provides in part:

> [T]he judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See, Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Eastman Machine Company, Inc. v. United States, 841 F.2d 469 (2d Cir.

1988); Hossman v. Spradlin, 812 F.2d 1019, 1020 (7th Cir.1987); Clark v. Union Mutual Life Ins. Co., 692 F.2d 1370, 1372 (11th Cir.1982); United States Steel Corp. v. Darby, 516 F.2d 961, 963 (5th Cir.1975).

The primary purpose for granting a summary judgment motion is to avoid unnecessary trials where no genuine issue of material fact is in dispute. Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 378 (7th Cir.1987).

If the presentation by the nonmoving party in support of its version of the facts is such that the Court could not properly direct a verdict against it in a jury trial, or enter a judgment in favor of the moving party notwithstanding a verdict favorable to the nonmoving party, the motion for summary judgment may not properly be granted. Eastman Machine Company, Inc., supra at 473, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In remanding the case in Anderson, supra, so the correct standards under Rule 56 could be applied, the Supreme Court directed:

> [T]he judge must ask himself (herself) not whether he (she) thinks the evidence unmistakenly favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is (evidence) upon which a jury can proceed to find a verdict for the party producing it....'

Anderson, id., 106 S.Ct. at 2512 (parentheticals supplied for clarity).

Thus, the function of a Bankruptcy Court when considering a motion for summary judgment is not to resolve disputed

---

4. We assume this argument stems from the purpose of the recording statute which is to prevent fraud and secret liens. The Trustee has not alleged fraud and thus we do not address this argument in this Decision.

issues of fact but only to determine whether there is a genuine issue to be resolved. *Anderson, supra,* 106 S.Ct. at 2509–11; *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

On a motion for summary judgment our responsibility is to determine whether there are issues of fact to be tried, not to try issues of fact. *Chittenden Trust Company v. Ford Motor Company & et al. (In re Burlington Lincoln–Mercury, Inc., d/b/a Southside Lincoln–Mercury),* Slip Op., AP# 87–0045, Case# 86–00145, Jan. 20, 1988, Conrad, B.J. As our Second Circuit stated recently in *Donahue v. Windsor Locks Board of Fire Commissioners,* 834 F.2d 54, 57 (2d Cir.1987):

> Moreover, in determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.,* 369 US 654, 655, 82 S.Ct 993 [994], 8 L.Ed.2d 176 (1962) (per curiam); *Quinn v. Syracuse Model Neighborhood Corporation,* 613 F.2d 438, 445 (2d Cir.1980). Therefore, not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them. *Schwabenbauer v. Board of Education,* 667 F.2d 305, 313 (2d Cir. 1981); Accord *Anderson v. Liberty Lobby, Inc.,* 477 US 242, 106 S.Ct 2505, 2513, 91 L.Ed.2d 202 (1986).

*Chittenden Trust Co., supra,* at 11, citing *Donahue,* id. See, *Celotex Corp., supra.*

The party moving for summary judgment has the burden of clearly establishing no relevant facts are in dispute. *Celotex Corp., supra,* 106 S.Ct at 2548; *Anderson, supra,* 106 S.Ct at 2512; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Eastman Machine Company, Inc., supra,* at 473; *Chittenden Trust Co., supra.* Speculation and conjecture will not suffice.

Once a party has met its initial burden, the opposing party must set forth specific facts showing that there is a genuine issue for trial and that the disputed fact is material. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Thus, if the movant carries its initial burden the opposing party may not defeat the motion by merely relying on the contentions of its pleadings, but must produce significant probative evidence to support its position. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *United States v. Pent-R-Books, Inc.,* 538 F.2d 519 (2d Cir.1976), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977).

Finally, in determining whether there is a genuine issue of any material fact we must view the evidence in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *Eastman Machine Company, Inc., supra,* at 473; *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985). Moreover, all inferences must be construed in favor of the nonmovant. *Diebold, supra,* 369 U.S. at 655, 82 S.Ct. at 994; *Eastman Machine Company, Inc., supra,* at 473; *Big O Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984).

The fact that both sides move for summary judgment does not guarantee that there is no material issue of fact to be tried. *Eastman Machine Company, Inc., supra,* at 473; *Schwabenbauer v. Board of Education, supra,* at 313–14.

F.R.Civ.P. 56 also imposes the dual burden on the movant to establish the absence of disputed material fact and that summary judgment is warranted as a matter of law. *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210 (5th Cir.1976). It is inappropriate to grant summary judgment merely because a movant appears likely to prevail at trial; summary judgment may be granted only when the movant is entitled to relief beyond all doubt. *Federal Savings and Loan Ins. Corp. v. Williams,* 599 F.Supp. 1184 (D.Md.1984).

The standard for a summary judgment mirrors the standard for a directed verdict under F.R.Civ.P. 50(a). *Anderson, supra,* 106 S.Ct at 2511; 9 *C. Wright & A. Miller, Federal Practice and Procedure,* § 2524, at 541–42 (1971) (standard for assessing sufficiency of evidence to recite an issue of fact for the jury "is the same whether it arises in the procedural context of a motion for a directed verdict or of a motion for summary judgment notwithstanding the verdict.").

The record in a summary judgment proceeding includes more than a complaint and an answer. The Court must go beyond the mere pleading of the parties and consider all of the admissible evidence set forth in the papers and all inferences reasonably drawn from such evidence to determine whether there is a genuine issue for trial. *Matter of Esposito,* 44 B.R. 817 (Bkrtcy.S. D.N.Y.1984). When an affidavit is submitted in connection with a motion for summary judgment, Rule 56(e) requires the affiant to set forth facts based on personal knowledge, rather than mere opinions or legal conclusions. An affidavit which is essentially conclusory and lacking in specific facts is inadequate to support the movant's burden. *Maldonado v. Ramirez,* 757 F.2d 48 (3rd Cir.1985). The moving party on a summary judgment motion meets is burden by affirmatively demonstrating from the record before the Court that there is no evidence to support an essential element of the nonmoving party's case. *Matter of Warner,* 65 B.R. 512 (Bkrtcy.S.D. Ohio 1986).

With these admonitions, we conclude that summary judgment is applicable in this adversary proceeding because there are no genuine issues of material fact to be decided. This proceeding may be decided as a matter of law.

The Trustee in this adversary proceeding, if he is to be successful, derives his power from 11 U.S.C. § 544(a)(3). Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether of not such a purchaser exists.

Subsection (a) is the "strong arm clause" of the Bankruptcy Code formerly found in Bankruptcy Act § 70(c). It gives a trustee the rights of a creditor on a simple contract with a judicial lien on the property of a debtor as of the date of the petition. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 370–71 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 85 (1978).

 State law defines the nature and extent of a debtor's property and therefore the bankruptcy estate's interest in the property. *Butner v. U.S.,* 440 U.S. 48, 49, 99 S.Ct. 914, 915, 59 L.Ed.2d 136 (1979). Vermont State law determines the issues raised by the Trustee and the Davises. We address them in an order which provides the most expeditious dispute resolution.

 It is clear that the instrument attached as Exhibit "A" is not a valid deed under Vermont law. Furthermore, if it is a deed, it is invalid by virtue of improper execution.

Vermont law requires that "[d]eeds and other conveyances of land ... shall be signed by the party granting the same and signed by two or more witnesses and acknowledged by the grantor before a town clerk, notary public, master, county clerk or judge or register of probate and recorded at length in the clerk's office of the town in which such lands lie. Such acknowledgement before a notary public shall be valid without his official seal being affixed to his signature." 27 Vt.Stat.Ann. § 341.

The instrument in this adversary proceeding was signed by the Debtor, witnessed by the Davises (the grantees), and

signed by a person who indicates they are a notary public.

The instrument is not acknowledged, or at least we cannot tell if it is acknowledged. And although Vermont does not require a specific form of acknowledgement, we cannot find from the exhibit before us whether the person who signed as a notary public was acting as a witness or as a notary public. It is black letter law in Vermont that an unacknowledged deed can have no effect but as an agreement between the parties. *See, Vermont Accident Insurance Co. v. Fletcher & Fletcher,* 87 Vt. 394, 397, 89 A. 480 (1914). *See also, In re Gorman,* 68 B.R. 541 (Bkrtcy.D.Vt. 1986), *aff'd,* 82 B.R. 253 (D.Vt.1987).

The instrument sub judice is further defective because two of the attesting witnesses are grantees of the instrument itself. Indeed, we cannot tell from the instrument in what capacity they signed, but we are told they witnessed the instrument. The general rule followed in Vermont is that an individual who is a party to a deed is not a competent attesting witness. *Townsend v. Downer,* 27 Vt. 119, 123–24 (1855). Thus, the execution of the instrument sub judice is defective as a deed under Vermont law because it is, in effect, unwitnessed. Nevertheless, it is evidence to show agreement by the grantor to execute a valid deed, though it is not conclusive evidence. *Vermont Accident Insurance Co., supra,* 87 Vt. at 397, 89 A. 480; *Sheldon Slate Products Co. v. Kurjiaka,* 124 Vt. 261, 204 A.2d 99 (1964); *Day v. Adams,* 42 Vt. 510 (1869).

The case law is clear that if parties intended to execute a deed, in a proper case equity may enforce the agreement between the parties to the putative deed. But this adversary proceeding is an action by a Chapter 7 Trustee, not a party to the putative deed, to enforce rights as a hypothetical lien creditor under the Bankruptcy Code and against the Davises who failed to record the putative deed as required by 27 Vt.Stat.Ann § 342.[5]

■ The issue to be decided by us is whether the instrument signed by the Debtor and the Davises, combined with the occupation of the property by the Davises, is sufficient to defeat the Chapter 7 Trustee's hypothetical lien status. We hold it is.

Notice of an unrecorded deed in Vermont is equivalent, as against those having such notice, to a record of the deed. *Corliss v. Corliss,* 8 Vt. 373 (1836). *Compare Spaulding v. H.E. Fletcher Company,* 124 Vt. 318, 205 A.2d 556 (1964) (grantee who has notice of a prior conveyance that is recorded after the conveyance to the grantee does not acquire good title as against the other grantee of the same property whose conveyance was executed first but recorded second.).

"Notice" is ofttimes classified into: constructive, actual, record, implied, or inquiry notice. The notice classifications announced in Vermont case law and in many of the Treatises are often confusing and seemingly contradictory. *See, Rublee v. Mead,* divided opinion, 2 Vt. 544, 546 (1830); *Bigelow, et ux. v. Topliff, et al.,* 25 Vt. 273 (1853); *Day v. Adams,* 42 Vt. 510 (1869); *Morrill v. Morrill,* 53 Vt. 74 (1880); *Tindale v. Bove,* 97 Vt. 465, 124 A. 585 (1924); 5 *H. Tiffany, Law of Real Property,* § 1284 (B. Jones ed. 1939) (hereinafter Tiffany).

Notice, however, is really of two kinds—actual and constructive.

> It would seem that one might properly be said to have *actual notice* when he (she) has information in regard to a fact, or information as to circumstance an investigation of which would lead him (her) to information of such fact, while he (she) might be said to have *constructive notice* when he (she) is charged with notice by a statute or rule of law, irrespective of any information which he (she) might have, *actual notice* thus involving a

---

**5.** 27 Vt.Stat.Ann. § 342 provides:

*Acknowledgment and recording required.* A deed of bargain and sale, a mortgage or other conveyance of land in fee simple or for term of life, or a lease for more than one year from the making thereof shall not be effectual to hold such lands against any person but the grantor and his heirs, unless the deed or other conveyance is acknowledged and recorded as provided in this chapter.

mental operation on the person sought to be charged, and *constructive notice* being independent of any mental operation on his (her) part.

5 Tiffany § 1284, 50 (emphasis and parentheticals supplied). Thus, "constructive notice" is not really "notice" as that word is commonly used or understood. Instead, constructive notice is a postural rule of State law that permits a prior purchaser to gain priority over a latter purchaser, regardless of whether the latter purchaser actually knows of the prior purchase.

A corollary to actual or constructive notice is inquiry notice. "Inquiry notice" is a form of constructive notice. It follows from the duty of a purchaser when he has "actual" or "constructive" notice of facts that would lead a reasonably prudent person to suspect that another person might have an interest in the property to conduct a further investigation into the facts. The most common type of "inquiry notice" is present when some person other than the grantor is in actual possession of the property. In that situation, the purchaser is charged with constructive knowledge of the possession. As a result, the purchaser is "on inquiry" to determine whether the possessor has some interest in the property. *See, Hart, et al. v. Farmers & Mechanics Bank, et al.,* 33 Vt. 252, 264 (1860); 5 Tiffany § 1287. *See also, McCannon v. Marston,* 679 F.2d 13 (3rd Cir.1982) (interpreting Pennsylvania law, and holding a bankruptcy trustee to constructive/inquiry notice). *Same, In re Probasco,* 839 F.2d 1352 (9th Cir.1988).

The purpose of the Vermont recording statute is notice, *Bigelow, supra,* at 283, and to prevent fraud by giving notoriety to alienation, *Rublee, supra,* at 546. Hence, every deed is good and effectual against the grantor and his heirs, as well as every other person having notice of a prior conveyance, either actual or constructive. *Bigelow, supra,* at 283.

Was the Trustee in this bankruptcy case on constructive notice, that is inquiry notice, about the interest of the Davises in the property *sub judice?* We think so.

11 U.S.C. § 544(a) gives a trustee rights "without regard to any knowledge of the trustee or of any creditor." The statute does not describe, nor does the legislative history tell us, what knowledge a trustee cannot be credited with. Prior to 1978, there was considerable divergence in the various State statutes about the effect of notice to creditors. *See, e.g., International Harvester Co. v. Poduska,* 211 Iowa 892, 232 N.W. 67, 71 ALR 973, 16 Am. Bank.Rep. (N.S.) 682 (1930); 6 Am.Jur. Bankruptcy §§ 248–262. Section 544(a) was enacted to eliminate the divergence over a trustee's knowledge and was contained in Bankruptcy Act § 70(c). The knowledge to be disregarded was a trustee's personal knowledge. It makes sense that the knowledge being referred to is personal knowledge. To understand this section to mean otherwise, we could visualize scenarios where a trustee has personal knowledge prior to his/her bankruptcy appointment which would preclude operation of § 544 in some bankruptcy estates. Congress could not have intended such an uneven application of a Federal statute.

■ Section 544(a)(3) was not in the Bankruptcy Act. It is a new section. The status or rights a trustee receives, in his capacity under § 544(a)(3) is subject to the effect of any constructive notice that State law deems is given by public record or by possession of one who has no interest of record. Any other interpretation would clothe a trustee with powers no purchaser could have under State law—a result that Congress could not have intended. *See, McCannon, supra.*

The Davises were occupying the land in question. Occupancy need only be consistent with the nature of the premises. *Montgomery v. Branon,* 125 Vt. 362, 365, 216 A.2d 41 (1965). The posting of "no trespassing" signs, the placing of storage trailers, the storing of personal property on the premises, and the maintenance of a garden are all factors that show occupation and possession of the property. Open exclusive possession and improvement of land for any considerable time is proper evidence to establish notice, *Rublee, supra,* at 547, and

require inquiry, *Hart, supra,* at 264. Based upon the uncontroverted facts presented, the Davises must prevail over the Trustee.

■ We also have an alternative ground for our decision. For the most part 11 U.S.C. § 365 is designed to benefit the estate, but several of its provisions protect the non-debtor party under a lease or executory contract involving real estate. Specifically, a buyer in possession under an executory contract for the sale of real estate from a debtor-vendor, such as here, is protected by options available under § 365(i).[6] This subsection permits a purchaser, who is in possession of real property under an executory contract that has been rejected by the trustee, the choice of treating the contract as terminated and assert a claim for damages or, as an exclusive remedy for breach, may elect to remain in possession with the right to offset the damages against payments coming due under the contract. 11 U.S.C. § 365(i)(2)(A). When the contract payments are completed or satisfied, the land purchaser is entitled to delivery of title. 11 U.S.C. § 365(i)(2)(B). A land contract buyer who is not in possession or who chooses to treat the rejection as a termination of the contract is given a lien on the property to secure the return of whatever part of the purchase price was paid. 11 U.S.C. § 365(j).[7]

The instrument with which the Davises purported to buy the land from the Debtor is clearly not a deed under Vermont law. But, surely it could be construed, and we so construe it, as a valid executory contract for the purchase of land. It has all the prerequisites of an executory contract for the purchase and sale of land in Vermont despite its lack of draftsmanship. Moreover, unlike the land contracts Congress was trying to protect when it enacted § 365(i), the instrument of agreement at hand lacks only one condition[8] to complete it and that is the delivery of a proper deed by the Trustee under § 365(i)(2)(B). The Davises have not informed this Court which subsection of § 365 they would select. In our Order to be entered in this adversary proceeding we will give them a period of time within which to advise the Trustee of their selection.

The other legal argument of the Davises about equitable title is not addressed by us because it is not necessary to our decision.

An appropriate Order will be entered.

### EXHIBIT A

May 6, 1986

Agreement of Sale from:

James T. Davis

to

George V. & Dorothy

Davis

I, James T. Davis, on this date do hereby confer and deliver ownership of the parcel

---

**6.** 11 U.S.C. § 365(i) provides:

(i)(1) If the trustee rejects an executory contract of the debtor for the sale of real property or for the sale of a timeshare interest under a timeshare plan, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property or timeshare interest.

(2) If such purchaser remains in possession—

(A) such purchaser shall continue to make all payments due under such contract, but may, offset against such payments any damages occurring after the date of the rejection of such contract caused by the nonperformance of any obligation of the debtor after such date, but such purchaser does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset; and

(B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but is relieved of all other obligations to perform under such contract.

**7.** 11 U.S.C. § 365(j) provides:

(j) A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

**8.** The time for assuming or rejecting this contract under § 365(d)(1) has passed in this case.

previously purchased by me as noted and described in the duly authorized and recorded Quitclaim Deed, and as purchased by me from Dorothy M. Griffin, to George V. & Dorothy M. Davis of Long Trail Rd., Woodford, Vermont. for the sum of $25,-000.00.

This sum is to be deducted from the Purchase amount owed by me relative to the Purchase Agreement of April 1986, for the equipment, materials and other considerations formerly known as the business of George V. Davis & Sons. The $25,000.00 will be deducted from the amount owed as agreed upon by James T. Davis and George V. & Dorothy M. Davis.

/s/ James T. Davis
James T. Davis
/S/ George V. Davis
George V. Davis
/S/ Dorothy M. Davis
Dorothy M. Davis
[Signature]
Notary Public